IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KEITH DIERINGER and CATHARINA DIERINGER, | Case No. 3:19-cv-01957-SB |
| Plaintiffs, | **FINDINGS AND RECOMMENDATION** |
| v. | |
| RONALD-KENNETH: STRASSER, | |
| Defendant. | |

**BECKERMAN, U.S. Magistrate Judge.**

    Defendant Ronald-Kenneth: Strasser ("Strasser") removed a Landlord Tenant Eviction Judgment from Multnomah County Circuit Court (Case No. 19LT08178) on December 2, 2019, asserting federal question and diversity jurisdiction, and seeking a temporary restraining order and injunction by 5 p.m. on December 2, 2019. The Court recommends that the district judge dismiss this action for lack of subject matter jurisdiction.

    Any civil action filed in state court may be removed to federal court if the federal court has original jurisdiction. See 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Strasser alleges that the Court has federal question jurisdiction over

PAGE 1 – FINDINGS AND RECOMMENDATION

this matter "because Multnomah County fails to have the form of government guaranteed 'to every State in this Union' by the United States in U.S. Const IV.4, because the statutes passed by the Legislature are not enforced or interpreted by the other two branches, which instead do whatever they please, do they not?" (Emergency Not. of Removal, at 2, ECF No. 2.) This landlord-tenant eviction proceeding does not arise under Article IV, Section 4, of the U.S. Constitution, and therefore Strasser's stated basis for federal question jurisdiction lacks merit. *See* U.S. CONST. art. IV, § 4 ("The United States shall guarantee to every State in this Union a Republican Form of Government, and shall protect each of them against invasion; and on Application of the Legislature, or of the Executive (when the Legislature cannot be convened) against domestic violence.").

Removal may also be based on diversity jurisdiction, if the parties have diverse citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Strasser alleges that the parties are diverse because plaintiffs Keith and Catherina Dieringer ("Plaintiffs") are citizens of Oregon and Strasser is a not a citizen of Oregon. (Emergency Not. of Removal, at 3.) Strasser alleges only that he is a "foreigner," and does not allege his state citizenship.[1] Strasser has therefore failed to meet his burden of proving diversity of citizenship. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001) (explaining that the "party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties" and that "failure to specify Plaintiffs' state citizenship was fatal to Defendants' assertion of diversity jurisdiction").

---

[1] The Court notes that this case involves Plaintiffs' efforts to evict Strasser from their SE Portland residence. (Emergency Not. of Removal, Exs., ECF No. 2-2.)

PAGE 2 – FINDINGS AND RECOMMENDATION

Strasser has not met his burden of demonstrating that the Court has subject matter jurisdiction, and the district judge should remand this case to state court.

## CONCLUSION

The Court provisionally grants Strasser's Application to Proceed *In Forma Pauperis* (ECF No. 1) for the limited purpose of screening. However, for the reasons stated, the Court recommends that the district judge remand this case to the Multnomah County Circuit Court.

## SCHEDULING ORDER

The Court will refer its Findings and Recommendation to a district judge. Objections, if any, are due within fourteen (14) days. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due within fourteen (14) days. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 5th day of December, 2019.

_____
STACIE F. BECKERMAN
United States Magistrate Judge